UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 3:10-CV-311 |
| vs. ) | |
| ) | |
| ARG CORPORATION and NORBERT R. ) | |
| TOUBES as distributee of ARG Corporation's ) | |
| assets, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Before the Court is Defendant ARG Corporation's Motion to Dismiss. [DE 6.] Plaintiff United States of America brought this action alleging that ARG is liable for costs the Government incurred and continues to incur in responding to environmentally hazardous substances on property formerly owned by ARG. [DE 1.] ARG claims the action is time-barred. I disagree, and so the motion to dismiss is denied.

I begin with the facts as alleged in the Complaint, which at this point I must accept as true. ARG, an Indiana corporation, owned a 440,000 square-foot industrial site in South Bend, Indiana. [*Id*. ¶¶ 4-5, 10.] On October 2, 2006, ARG sold the property to the South Bend Redevelopment Commission ("SBRC"). [*Id*. ¶ 16.] Shortly thereafter, SBRC feared that hazardous substances on the property posed a danger to the public's health and notified the Environmental Protection Agency. Sure enough, the EPA investigated the property, determined that the site presented an imminent danger to the public health, welfare, and the environment, and ordered ARG to address the hazardous conditions. [*Id*. ¶¶ 17-26.] ARG refused. [*Id*. ¶ 27.]

As a result, the Government has expended over $841,310.96 in costs removing the hazardous substances from the property. [*Id.* ¶ 29.]

On March 28, 2008, the State of Indiana administratively dissolved ARG, and ARG distributed most of its assets to Defendant Norbert Toubes, a part-owner of ARG. [*Id.* ¶¶ 4, 7-8.] Then, on July 30, 2010, the Government filed this Complaint against ARG and Toubes under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607, seeking reimbursement for the costs it incurred, and will continue to incur, addressing the hazardous conditions on the property. [*Id.* ¶ 29.] In this motion, ARG moves to dismiss the action under Fed. R. Civ. P. 12(b)(6) because the Complaint was filed outside of the two-year limitations bar set forth in Indiana Code § 23-1-45-7, the Indiana corporate dissolution statute.[1]

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). At this stage, I must accept all allegations as true and draw all reasonable inferences in the complainant's favor. *Id.* at 1950. And because a complaint need not anticipate and overcome affirmative defenses, dismissing a complaint at the pleading stage as untimely is unusual. *Cancer Found., Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674 (7th Cir. 2009). "But dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." *Id.* at 674-75.

---

[1] ARG also moves to dismiss the case under Rule 12(b)(2) for lack of personal jurisdiction, but provides no argument in support of dismissal. Thus, I find no grounds to dismiss under Rule 12(b)(2).

Here, the Complaint alleges that ARG was administratively dissolved before the Government initiated this action. As a result, Indiana's corporate dissolution statute – and the relevant limitations period set forth therein – will determine whether the Government may pursue its action against ARG for violating CERCLA. *See Citizens Elec. Corp. v. Bituminous Fire & Marine Ins. Co.*, 68 F.3d 1016, 1019 (7th Cir. 1995) (the state's corporate survival statute governs in claims under CERCLA); *Lovold Co. v. Galyan's Brownsburg, Inc.*, 764 N.E.2d 281, 286 (Ind. App. 2002) (same).

Indiana Code § 23-1-46 sets out the procedures and requirements for administratively dissolving a corporation. *See* Ind. Code. § 23-1-46-1, *et seq.*; *see also* § 23-1-45-1, *et seq.* (governing voluntary dissolution). Notably, administrative dissolution does not wipe out a corporation's existence or bar claims by the corporation's creditors. *United States v. SCA Servs. of Ind., Inc.*, 837 F.Supp. 946, 952 (N.D. Ind. 1993); *see* Ind. Code § 23-1-45-5(b)(5) ("Dissolution of a corporation does not prevent commencement of a proceeding by or against the corporation in its corporate name."); *Amerisure Ins. Co. v. Cent. Steel Erectors, Inc.*, 2010 WL 883782, at *2 (S.D. Ind. Mar. 8, 2010) (applying § 23-1-45-5(b)(5) to administratively dissolved corporation). Moreover, "[a] corporation administratively dissolved continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs . . . and notify claimants under [Indiana Code] § 23-1-45-6 and [Indiana Code] § 23-1-45-7." Ind. Code § 23-1-46-2(c).[2]

---

[2] Thus, pursuant to § 23-1-46-2(c), the notice requirements in § 23-1-45-6 and § 23-1-45-7 apply to both voluntary and administrative dissolution.

Indeed, while a dissolving corporation may still be sued by its creditors, the notice requirements in § 23-1-45-6 and § 23-1-45-7 "provide an opportunity for dissolving corporations to cut off claims of creditors by giving notice in the manner prescribed." *SCA*, 837 F.Supp. at 952. For example, under § 23-1-45-6, if a dissolving corporation notifies specific creditors about its impending dissolution, the corporation may set its own a deadline for creditors to dispute any claims, though it must provide at least 60 days. *See* Ind. Code § 23-1-45-6. Alternatively, a dissolving corporation may publish notice of its dissolution in a newspaper of general circulation in the corporation's home county pursuant to § 23-1-45-7. *See* Ind. Code § 23-1-45-7(b)(3). "If the dissolved corporation publishes a newspaper notice," all claims are barred "unless the claimant commences a proceeding to enforce the claim within two (2) years after the publication date of the newspaper notice." Ind. Code § 23-1-45-7(c).

Here, ARG argues that the Government's Complaint must be dismissed because it was filed outside of the two-year limitations period set forth in § 23-1-45-7. Indeed, the Complaint alleges that the State of Indiana administratively dissolved ARG on March 28, 2008, and the Government filed its Complaint on July 30, 2010, more than two years from the date of dissolution. But the Government asserts, and ARG fails to dispute, that ARG did not publish notice of its dissolution in a newspaper of general circulation. *See* § 23-1-45-7(b). I must accept this fact as true. *See City of Austin Police Ret. Sys. v. ITT Educ. Servs., Inc.*, 388 F. Supp. 2d 932, 935 (S.D. Ind. 2005) ("[I]n responding to a motion to dismiss, a plaintiff may posit new facts in a brief and, so long as they are not inconsistent with the complaint, the court must assume they are true for purposes of deciding the motion.") (citing *Trevino v. Union Pacific R.R. Co.,* 916 F.2d 1230, 1239 (7th Cir. 1990)). As a result, the Government claims that the two-year

limitations period in § 23-1-45-7 is not applicable. ARG suggests, however, that failure to provide notice of dissolution is irrelevant to the operation of the two-year limitations bar.

I agree with the Government. Section 23-1-45-7 states: "If the dissolved corporation publishes a newspaper notice," a creditor's claim is barred unless it "commences a proceeding to enforce the claim within (2) two years after the publication date of the newspaper notice." Ind. Code § 23-1-45-7(c). A plain reading of this statute shows that a corporation administratively dissolved may only benefit from the two-year limitations period *if* the dissolved corporation gives proper notice to its creditors. Indeed, the Official Comments to § 23-1-45-7 state that "[s]ubsections (b)(3) and (c) establish a two-year statute of limitations for claims as *to which notice is given* under section 7." Ind. Code § 23-1-45-7, cmt (emphasis added). Moreover, the statute is clear that the limitations bar does not even begin to run until after notice is published.

Consistent with this reading, courts in Indiana have held that "a corporation administratively dissolved may not benefit from the two-year statute of limitations set forth in Indiana Code § 23-1-45-7 because no notice of its dissolution was given to its creditors." *Bernstein v. Bankert*, 698 F. Supp. 2d 1042, 1052-53 (S.D. Ind. 2010); *SCA*, 837 F.Supp. at 952 (same). In fact, this Court held in *SCA* that a "corporation will always be amenable to suit under CERCLA" if it fails to provide notice to creditors or otherwise comply with Indiana's corporate dissolution laws. 837 F.Supp. at 953. So, here, by failing to publish notice of its dissolution as the statute requires, ARG never triggered application of the two-year limitations period, and as a result, ARG remains amenable to suit by its creditors.

ARG cites *Sanyo North American Corp. v. Absocold Corp.*, 2008 WL 656044 (S.D. Ind. Mar. 6, 2008) in arguing that notice does not trigger the two-year period, but its reliance on

*Sanyo* is misplaced. In *Sanyo*, the plaintiff claimed that § 23-1-45-7's two-year statute of limitations was not applicable because the dissolving corporation failed to provide adequate notice. The court assumed that "these notices were not given as none of the attached exhibits purports to show that these notices were given." *Id*. at *3. The court then found that "[n]othing in the statute or in the official comments thereto suggest that the notices are a condition precedent to the application of the two-year statute," and thus the defendant corporation's voluntary dissolution was proper, and the complaint was dismissed as untimely. *Id*.

But it appears that the court in *Sanyo* was referencing lack of notice under § 23-1-45-6 – which allows a dissolving corporation to set its own deadline for known creditors to enforce any claim – and § 23-1-45-2(f) – which requires a voluntarily dissolving corporation to notify various departments of the State of Indiana. *Sanyo* wasn't referencing a lack of newspaper notice under § 23-1-45-7, the issue here. Indeed, the record shows that the dissolving corporation in *Sanyo* did publish newspaper notice of its dissolution as the statute requires, making the two-year statute of limitations applicable. [*See* DE 9-1 at 13-24 (Exhibit 1) (citing *Sanyo*, 1:06-cv-405, DE 226-1 at 14-24 (S.D. Ind. July 12, 2007) (Exhibit to Defendant's Reply Brief)).] But the briefing suggests the dissolving corporation failed to provide notice under § 23-1-45-6 or § 23-1-45-2(f). *See Sanyo*, 1:06-cv-405, DE 199 at 14 n.5 (S.D. Ind. June 6, 2007) (Plaintiff's Response Brief). Thus, the court in *Sanyo* merely held that notice under § 23-1-45-6 and § 23-1-45-2(f) was not a condition precedent to the two-year limitations period under § 23-1-45-7, and that a dissolving corporation may only shorten the two-year period by providing notice to its known creditors under § 23-1-45-6. *See* 2008 WL 656044, at *3.

But these issues have no bearing on whether newspaper notice triggers the two-year statute of limitations in § 23-1-45-7, the issue here.  In any event, to the extent that *Sanyo* stands for the proposition that ARG suggests, I find it unpersuasive.  Nothing in *Sanyo* persuades me to ignore *SCA*, *Bernstein*, or the plain meaning of § 23-1-45-7, which clearly hold that an administratively dissolved corporation may not receive the benefit of the two-year limitations period without first notifying its creditors.  Therefore, because ARG failed to publish notice of its dissolution in a newspaper of general circulation pursuant to § 23-1-45-7, it may not benefit from the two-year limitations period, and the Government's Complaint is timely.

Accordingly, ARG's motion to dismiss is **DENIED**.  [DE 6.]

**SO ORDERED**.

ENTERED: January 31, 2011.

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT