# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:10-CV-00311-PPS |
| ) | |
| ARG CORPORATION, ) | |
| NORBERT R. TOUBES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Norbert R. Toubes thought that he was getting a great deal when his company, ARG Corporation, bought the South Bend Lathe industrial site and sold it to the city of South Bend. Instead he bought himself a mountain of legal trouble. The South Bend Lathe site had been used for heavy manufacturing for decades, and, right after the sale, the Environmental Protection Agency spent hundreds of thousands of dollars cleaning it up. The United States filed this suit in July 2010 against ARG and Toubes seeking reimbursement for the EPA's costs. Originally, the government only sought to recover against Toubes as the distributee of ARG's assets, which limited his liability. However, in August 2013, I gave the government leave to amend its complaint to seek recovery against Toubes under a piercing the corporate veil theory of liability, which opens Toubes up to liability for the entire amount the government is seeking to recover [DE 61]. Toubes has moved to dismiss the amended complaint [DE 63]. He makes two arguments. First he argues the veil piercing claim is barred by the statute of limitations. Second, that the government failed to adequately plead the claim. Because I find that the

amended complaint relates back to the original, timely-filed complaint and is sufficiently pled, Toubes' motion is **DENIED**.

## BACKGROUND

For the purposes of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, I consider the facts as alleged by the plaintiff in the complaint to be true. In 2000, ARG bought a 440,000 square-foot industrial site in South Bend, Indiana known as the South Bend Lathe site ("SBL site") [DE 51-1 ¶¶ 19-25]. On October 2, 2006, ARG entered into a contract to sell the SBL site to the City of South Bend [*Id.* ¶ 25]. ARG was formed by Norbert R. Toubes specifically in order to purchase the SBL site and sell it to South Bend [*Id.* ¶¶ 5, 10]. Toubes was ARG's president and sole shareholder, and, aside from Toubes, ARG had no other employees, officers, or board members [*Id.* ¶ 10]. Toubes made only a token capital investment of $1,000 in the corporation [*Id.* ¶ 13].

Days after the closing, South Bend, suspecting that hazardous substances on the SBL site posed a danger to the public's health, notified the EPA of potential pollution problems at the site [DE 51-1 ¶ 26]. The EPA investigated, determined that the SBL site presented an imminent danger to the public, and conducted a removal action to address the hazardous conditions at the site [*Id.* ¶¶ 32-34]. The EPA spent at least $841,310.46 during the removal action, which took place between June 27 and August 1, 2007 [*Id.* ¶¶ 35-38].

The United States filed this suit against ARG and Toubes on July 30, 2010 [DE 1]. The complaint had one count: for recovery of response costs incurred during the removal action at SBL site under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607. The government sought to recover from ARG directly and

Toubes derivatively to the extent ARG's assets were insufficient to satisfy its liability [*Id.* ¶¶ 39, 41]. The claim against Toubes was brought under Indiana state law and limited Toubes' liability to the amount of assets he received from ARG at the time of ARG's dissolution.

On June 17, 2013, the government sought leave to amend its complaint to seek recovery against Toubes under a piercing the corporate veil theory of liability [DE 51]. Defendants opposed the motion on grounds of futility [DE 58]. After a hearing, I granted the government leave to amend the complaint [DE 61]. In the amended complaint, the government still asserts a single claim for the recovery of response costs, but has added allegations that Toubes abused the corporate form by, among other things, undercapitalizing ARG, and so should be held personally liable for all of the cleanup costs under the corporate veil piercing doctrine [DE 51-1 ¶ 49].

## DISCUSSION

Toubes now moves to dismiss the amended complaint on the grounds that the amendment is barred by the statute of limitations and, alternatively, that the government has not adequately stated a claim for piercing the corporate veil [DE 63]. While the statute of limitations is usually an affirmative defense, plaintiffs can plead themselves out of court if they allege facts that demonstrate that a claim is time-barred. *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 675 (7th Cir. 2009) (dismissal appropriate where it is "clear from the face of the amended complaint that it is hopelessly time-barred"). CERCLA requires that recovery actions be brought within three years from the completion of the removal action. 42 U.S.C. § 9613(g)(2)(A). The government filed this lawsuit one day before the expiration of the statute of limitations - the removal action concluded on August 1, 2007, and the complaint was filed on July 31, 2010 [DE 1]. The amended complaint, filed in 2013, was obviously not filed within the

statutory time, so the issue here is whether the amended complaint "relates back" to the filing of the original, timely, complaint under the Federal Rule of Civil Procedure. I find that it does.

The relation back of amendments to pleadings is governed by F.R.C.P. 15(c). Rule 15(c) provides three avenues for the relation back of an amended pleading, but only two are relevant here. First, under 15(c)(1)(B), an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out - or attempted to be set out - in the original pleading." The second avenue concerns amendments that change "the party or the naming of the party against whom a claim is asserted." For these amendments, in order to relate back to the original complaint Rule 15(c)(1)(C) requires 1) that the amendment arise out of the conduct, transaction or occurrence set out in the original pleading; 2) that the party brought in by the amendment has received notice of the action; and 3) that the party brought in by the amendment knew or should have known that the action would have been brought against it but for a mistake concerning its identity.

Toubes argues that the veil piercing amendment is governed by 15(c)(1)(C) because, by seeking to hold Toubes personally responsible for all of the response costs, the government has changed the party against whom their claim was asserted. This is incorrect. The original complaint stated the same claim against Toubes for recovery of response costs. The amended complaint simply added a new theory of recovery. Piercing the corporate veil is not an independent cause of action, nor a separate claim. *Reed v. Reid*, 980 N.E.2d 277, 301 (Ind. 2012). It is a remedy, a "means of imposing liability on an underlying cause of action such as a tort or breach of contract." 1 *Fletcher Cyc. Corp.* § 41.10 at 136 (perm. Ed. Rev. Vol. 2006);

4

*Strawbridge v. Sugar Mountain Resort, Inc.*, 243 F. Supp. 2d 472, 479 (W.D.N.C. 2003)("a claim for piercing the corporate veil is analogous to a claim for punitive damages or loss of consortium in that it is dependent on proving an underlying claim").

Amendments changing the theory of recovery are governed by Rule 15(c)(1)(B) and relate back if they arise out of the same conduct, transaction or occurrence set out in the original pleading. *See, e.g., Strawbridge*, 243 F. Supp. 2d at 479 (allowing the relation back of an amended complaint adding a piercing the veil theory); *Seifert v. Solem*, 387 F.2d 925, 929 (7th Cir. 1967) (amendment to include exemplary damages not barred by statute of limitations because it relates back to original complaint); *BI3, Inc. v. Hamor, WK*, No. 08 cv 2384, 2011 WL 5023394 at * 8 (N.D. Ill. Oct. 20, 2011) (holding "amendments to pierce the corporate veil to reach a stockholder relate back" under Rule 15(c)(1)(B) "when the stockholder was already a defendant to the other counts of the complaint."). Since the allegations and claim in the amended complaint arise out of the same occurrence alleged in the original complaint, the amended complaint relates back to the filing of the original complaint under Rule 15(c)(1)(B) and is not barred by the statute of limitations.

Toubes' second argument is that the government has failed to adequately plead their veil piercing theory. The minimum requirements for pleading a claim for relief are contained in Federal Rule of Civil Procedure 8. That rule requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. But to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). And although at this

stage I must accept all allegations as true and draw all reasonable inferences in the complainant's favor, I don't need to accept threadbare legal conclusions supported by mere conclusory statements. *Iqbal*, 129 S.Ct. at 1949-50.

To support a claim for piercing the corporate veil, a party needs to allege that the corporate form was so ignored, controlled or manipulated that it was a mere instrumentality of another and that the misuse of the corporate form would constitute a fraud or promote injustice. *Escobeto v. PHM Help Assoc's, Inc.*, 818 N.E.2d 930, 933 (Ind. 2004). The burden on the party seeking to pierce the corporate veil is severe. *Id.* In considering the claim, the Court looks to guideposts such as (1) undercapitalization; (2) an absence of corporate records; (3) fraudulent representation by corporation shareholders or directors; (4) use of the corporation to promote fraud, injustice, or illegal activities; (5) payment by the corporation of individual obligations; (6) commingling of assets and affairs; (7) failure to observe required corporate formalities; or (8) other shareholder acts or conduct ignoring, controlling or manipulating the corporate form. *Id.*

Here the government has sufficiently alleged a claim for piercing the corporate veil. The government alleges that Toubes undercapitalized ARG, providing only $1,000 in capital investment and assigning ARG's income to himself individually [DE 51-1 ¶ 13]. They allege ARG failed to keep corporate records or observe corporate formalities [*Id.* ¶¶ 14, 17]. They allege that Toubes commingled his personal assets with ARG's assets on numerous occasions and used that ARG money to pay off a personal obligation [*Id.* ¶¶ 15-16]. It is, of course, an open question whether the government can actually prove this. But at this stage of the game, all the government has to do is plead sufficient facts to state a plausible claim for relief, and they have done that here.

Accordingly, Defendant Toubes' Motion to Dismiss the Amended Complaint [DE 63] is **DENIED**.

**SO ORDERED.**

**ENTERED:** January 7, 2014

/s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT